Under the California Voting Rights Act, race and race alone is the determinative consideration in determining whether a municipality may keep its at-large districts or has to move to another system. Appellant Mr. Higginson sought to challenge that law under the Equal Protection Clause, but the District Court never reached the merits because it dismissed for lack of standing. And we think that analysis was flawed for several reasons. So starting with causation, our causal chain unquestionably has more than one link, but it's straightforward and completely plausible, which is all that's required. Counsel, before you get into the guts of that, it seems to me there's quite a separate analysis for the Attorney General versus the city. The city adopted a map. It actually, the adoption of that map affected your client's ability to vote for a certain number of people. And I can kind of follow the chain of logic there. With respect to the Attorney General, I actually don't follow your logic, because the Attorney General had nothing to do with the development of the map that affected your client, and hasn't done anything relevant with regard to this. So could you start there? Sure. And I think, so starting right there, I think the Audubon case, which we cite pretty down point, because everything you just said could be applied to the Audubon case too. So the Federal Government, so just like our case, Audubon involved a California State law, and then another government in the middle, and then the action that injured the plaintiff at the end. And so the Federal Government, in response to what the State did, took some actions which injured the plaintiff. And so the Federal Government didn't make those policies. It didn't design them. It didn't enforce them. It just chose to comply with them, and then that gave rise to the plaintiff's injuries. I think that's on all fours with what we have. What has the Attorney General done to comply? That's my question. It seems to me that all that's happened is that the City adopted a map, and there we are. But I don't, I still don't see the connection to the State. Right. So I think Audubon also talks about sort of the order of operations and looking at these justiciability issues. So once you have a live, ripe, active controversy withstanding, what Ex Parte Young does is it answers the question of who you're supposed to sue. And so, as I read Audubon, our case is completely live, because the City was threatened with CVRA, with CVRA liability. But not by the State. That's the, that's the issue here, because it was a private person who said, I will sue you if you don't make a change. Again, not the Attorney General, a private lawyer, you know, John Doe, Jane Smith over here. So the Attorney General had nothing to do with that either. Right. Although, so a couple things. So first of all, I think, I think because, so we cite the case, we cite several cases for the proposition that municipalities can't bring constitutional claims against the State. And the reason for that is the City is seen as sort of an arm or a subdivision of the State. And so I think if we had just sued the City and said, your map is unconstitutional because you use these racial considerations under the CVRA, I actually think we could challenge the CVRA that, in that posture. But do you know what would have happened? I think... I don't, I don't disagree with you, because it seems to me that once you, assuming for the sake of this question, that you have standing, your client has standing to sue the City and say, this map is no good, you can make any argument you want in support of that. It's no good because you were asleep when you did it and it doesn't actually cover the whole City, or it's because the statute is unconstitutional, or because whatever. So that's an argument in support of your claim. But I still don't see how that brings in the Attorney General. If the panel would like to rule in our favor on that basis, we'd be happy to have it, because I agree with everything Your Honor just said. And here's what's interesting. Because the City, to this day, doesn't defend the CVRA, in the situation Your Honor mentioned, what would have happened is the Attorney General then would have intervened to defend the statute. So it's, I think it's a little ironic that the Attorney... They can do that if they want, but that's different than saying that you have standing to do that. But I agree with you completely. And if that's the way Your Honor approaches it, I agree that we could litigate our challenge to the CVRA with the City as a proper defendant. And I think the District Court really viewed the City as just sort of an afterthought, and just said, even though the City didn't file a motion to dismiss, the District Court just sua sponte dismissed the City without doing the analysis that you just mentioned. Counsel, I have to say that I agree with you. National Audubon Society v. Davis seems to be right on point. And in that case, the Court did not require the plaintiffs to show that the official, in this case the government, would be likely to enforce the statute. Isn't that really the issue that my colleague has raised here? Right, absolutely. And so I think in Audubon Society, I think there had been one totally unrelated enforcement action a long time ago, and it wasn't in any way related to the dispute there. So again, I think we can, because we have a live controversy, I think between the having standing and the Ex parte Young doctrine, I do think we could sue the AG, but I don't think we have to. But the Attorney General has not asserted any kind of Eleventh Amendment immunity, so what does Ex parte Young have to do with this? I think all Ex parte Young does is it just addresses the choice of defendant. So, for even though they're the ones that were technically trying to enforce the statute against us, because they're not State actors, they don't operate under color of State law. So I think Ex parte Young just tells us who the proper defendant is in that suit. What role, if any, does the fact that the City would likely have made no change to its at-large voting system but for the existence of the CVRA, what role does that play as opposed to what the Court decided, which was the fear of large attorney fees, because those attorney fees would not have had any genesis but for the existence of the CVRA? Of course. And so a couple things about that. So, first of all, as Your Honor just said, the attorney's fees are fees for the CVRA action. So I don't think you can just separate those out. But the reason why the fee award is especially risky for the City is because it's so easy to win on the CVRA claims. All you have to do is show people of different candidates, and then you basically ask the City for a check. I'm a Californian. I understand this issue. And I guess my point is simply that the Court seemed to focus on the fact that the City very understandably was concerned about huge attorney fees. But there never would have been the issue in the first place but for the existence of the CVRA. I want to make sure we don't just take the CVRA out of this as the motivational factor, because it could not just be the fear of attorney fees, because if the CVRA didn't exist, they wouldn't have that fear, right? Yes, 100%. And so I just want to make two more quick points and then save a couple minutes for rebuttal. So I think the Menia case, which we cite in both the opening and reply brief, is super helpful because that says in a case with multiple links in the causal chain, it said one thing you can look at for the middle link is what is the middle link, what are they saying, what have they said about why they did what they did. And here I think that's absolutely dispositive because Council Member Mullin said, I have no illusions this will lead to better government, but we have a gun to our heads and we have no choice. Deputy Mayor Leonard, I hate it but I get it. It's just the deck is stacked and we roll over to these bullies. Council Member Mullin again, I will support this because we have no choice,  And then the last point is just quickly on redressability. I think the district court's holding on redressability just ignores the fact that any discretionary government action might be done for an improper reason, but the fact that the government could do the same thing again for a proper reason doesn't defeat redressability. And so especially in the administrative law context, administrative agencies all the time get told you need to explain this better, you need to respond to this argument, you need to consider these different factors. And under the district court's theory of standing, there would never be standing to challenge an administrative action. The district court could enjoin the implementation of MAP 133 and order the city to return it at large elections, right? Yes, and then the city could do as it pleases for a proper reason. If I may reserve the opportunity. You may. Thank you. Thank you. Good morning. May it please the Court. My name is Kip Eustice, and I represent Movence Appellants California Lulac, Jacqueline Contreras, Javier Flores, Judy Key, and Iram Soto. This Court should reverse the district court's denial of my client's motion to intervene and should grant intervention. Counsel, let me ask you, if I understood correctly, the district court basically said, since there's no lawsuit, there's nothing in which to intervene. Assume for the moment that we were to reverse because there's standing. Why shouldn't this issue go back to the district court for an initial exercise of its discretion, because it never exercised discretion or considered your arguments? Thank you, Your Honor. As I understand it, this Court's case law says that the Court reviews denials of intervention de novo and Right, because, and its reason, under my hypothetical, is no good, because there is a lawsuit. So that's what we would be reviewing. But why would we go beyond that to consider discretionary factors that the district court has never looked at? Well, Your Honor, the intervention of Right standard is not discretionary. Permissive intervention is reviewed for abuse of discretion, but intervention as of Right is reviewed de novo. It is, but there are facts that pertain to whether that's an appropriate exercise. For example, the positions of other parties. Let's say the Attorney General were to take a different position than it's taken. It just seems to me that that is not Court of Appeals' work in the first instance, which is different than de novo review. Respectfully, I must disagree, Your Honor, because this Court has consistently decided intervention of Right for the first time on appeal in numerous cases. Do we have to, though? It just seems to me prudent that we give the district court the first opportunity. Well, Your Honor, I mean, I think what's at issue here is that my clients have interests in plaintiff's appeal. And if this Court decides against plaintiff on the issue of standing and plaintiff decides to appeal to the Supreme Court, my clients will be shut out of that proceeding. But that proceeding will impact their interests. In particular But my hypothetical was that we reverse and say there is standing. It was not the opposite. So that's what I'm trying to get at. Yes. I understand that, Your Honor. I guess what I'm saying is that there is a standing The decision that your — that this panel reaches on the issue of standing itself impacts my client's interests. And so deciding that plaintiff has standing would, in fact, impair my client's interest to, in particular, under the CVRA and under Poway's district map, to protect their district map and to remedy vote dilution as individuals, which is what the Why? Why? Why? If we were taking the hypothetical, if we reverse and find that Higginson has standing, it goes back to the district court. You make your motion to intervene, right? But you're right there at the beginning. There's standing. You can move forward. You can assert whatever you want. I don't see how — if we were to rule the other way and you want to go to the Supreme Court, I get your point. But I don't understand your problem if we send this back to the district court and you have the right in the first instance to argue what you did, but the court just said, hey, this case is over. What's the point? So this brings me to a point with Plaintiff's argument that I would like to clarify, and that is particularly what — what will impair my client's interest. A ruling that plaintiff has standing means that under his theory, any time a local government converts from at-large to by district elections, a disgruntled resident could challenge that conversion without having to show that he was discriminated against on the basis of his race. The Supreme Court has limited the harms addressed in a voting rights action to two kinds of injuries. One, the injury to voters caused by the electoral system giving effect to racially polarized voting, which is not the State's use of race. And that is the injury that the Voting Rights Act are designed to remedy. And two, the injury caused by including voters in a particular district as opposed to another, also on the basis of their race, and that's known as a Shaw-type injury. And Plaintiff has not alleged either harm. So for the — for this Court to find that Plaintiff in fact has suffered a race-based injury would affect my client's — the injury is the — in my view, is the change from the ability to vote for four people to the ability to vote for one person. Whatever the reason, that's the injury that's alleged. And whether that's for a good reason or a bad reason, a constitutional or an unconstitutional reason is separate from the standing inquiry. And so it seems to me that you're sort of appropriate for the district court to be looking at it in the first instance. Respectfully, Your Honor, the — the injury that Plaintiff has alleged, or this particular injury of moving from an at-large to a bi-district system is not an injury that this circuit has said constitutes an injury, in fact. Indeed, we use districts all the time, and governments have moved from at-large to bi-district elections all the time, and people have not been injured in doing so. Plaintiff's — Well, they may or may not have brought a lawsuit, but it doesn't mean there's not an injury sufficient for Article III standing, which is a very narrow question that has nothing to do with the merits of whether it's a good idea or a bad idea. And — and we have, in my judgment, a very significant issue. You oppose what Higginson's doing, and yet you — we don't have anything from you, nothing other than your right to intervene, and yet you want to argue the merits for us to consider that in connection with a grant standing to Higginson. Isn't that a little backwards? I mean, if you had argued — if you were — if you had had all the merits and everything and we considered all that in the district court, I get that. But you're coming in at a point, perhaps just because that's what the district court did, but you're coming in at a point where we really can't take into account the underlying concerns you have without introducing a whole new element, which was simply not before the district court, if I understand it correctly. Am I missing something? I — I do disagree. I think this was before the district court, and the district court erred in denying my clients their intervention. But he — but the — the court denied it for the sole reason that Higginson lacked standing, and so there was no lawsuit in which to intervene, which is — you know, that — that's the only premise of the district — the district court on the merits might well agree with you. We don't have any idea, and neither do you, because that — the court didn't rule on that. And that's, I guess, my concern. And you're asking us really to perform the role of the district court in analyzing what you're saying, if I — with respect. Well, this Court has done that in the past. I mean, that is sort of the essence of de novo review. I mean, in here, where there is an outright denial of intervention, whatever the basis here, it was mootness, which violated or contradicted two cases, at least, of this Court. But we don't have the facts. We don't have the facts to look at. We've got lots of law, but we don't have the facts. How can we do that? I'm sorry. I don't — I don't understand. You're asking us to do a de novo review. De novo review of what? There are no facts that you put in that we can consider here, right? Well, we put our motion to intervene, and under this Court's precedent, the Court looks to and takes as true all of the allegations in the motion to intervene and its supporting documents, and construes them liberally in favor of intervention. Okay. If there are no further questions. I think we understand your position. Thank you very much. Good morning. May it please the Court, I'm Alan Fenstermacher here representing the City of Poway. And as the Court is aware thus far, the City has taken a neutral position on the merits of this action and continues to do so. The City has three main goals with respect to this action, and that is limit cost to its taxpayers, follow the law, and encourage to the extent possible expedient resolution of this action. Counsel, can I ask you this? Is there anything in the record that would confirm one way or another whether the City of Poway would have changed its at-large voting system to the new system had it not been for the existence of the CVRA? I do think the record is clear that the CVRA was the impetus for the change. I don't think this was on the City's radar at all. And on that point, a vote of the people was actually required throughout the history of California for many years to convert to district elections. And it was only in 2016 when California Government Code 34886 was enacted. And the reason that was enacted was to allow the City of Poway to have a say in the CVRA claim. And if I understand it correctly, it is the CVRA that gave the attorney basically the power to intimidate the City into making the change because it has an attorney fee clause in it. So the attorney is kind of the middle person in it. The threat of it, though, went back to the CVRA. The CVRA required a notice by the attorney. I think it was 45 days or something like that to have to give notice before you initiated an action. And that's what's been used in California and many cities, right? Yes, that's exactly right, Your Honor. And that Government Code section I referenced, if you make that change, you have to put in your ordinance. You're doing it in the furtherance of the CVRA. I'm so sorry. I thought you were finished. Oh, I'm sorry, Your Honor. In view of the City's firm decision to be neutral in the litigation, why shouldn't we grant the intervener's motion outright? Because it would appear that if the City remains as the defendant and if we were to hold that they're standing, I take it the City still won't defend the law. That is our position at this point, Your Honor. I guess I would say I believe we haven't opposed the motion for intervening. Again, we're trying to limit our costs and expense in this action. But I would say I believe the State adequately represents the interest, because that's the one point I actually wanted to make, Your Honor, and I'm happy for your question, because there's no allegation here that the City did anything unusual or violated the law but for the CVRA being unconstitutional, right? It's a facial challenge to the CVRA. Well, it's a challenge to Map 133 or whatever the right number is on that map. Right. Because it's the City's adoption of that map that's the problem. I mean, if the CVRA were just out there as an abstract thing, then there would be no lawsuit. Right. I guess, Your Honor, I understand that, but there's no allegation that the City violated Federal law in its adoption of the map or its ordinance other than the fact that the CVRA is unconstitutional. Right. So the City did something that followed the law, but the law was bad. That's the argument, right? That's right, Your Honor. Were we to grant the relief requested without validating the California statute, what would the City of Poway do? Well, I think if it were to say the issue was in this sense remanded back to the City Council, I guess the answer is twofold. First, I can't opine now what the City Council would do. I think the record was clear that they didn't want to convert to by-district elections. I couldn't tell you how the City Council, as, you know, as constituted when this came back to them, what their legislative decision would be. Well, the Court could order them to go back to at-large. Yes, and let's take that hypothetical, Your Honor. If the Court ordered the City to go back to at-large and the CVRA was unconstitutional, I actually don't know that the City has the power by ordinance to go back to districts, because in Government Code 34886, California Government Code, you can only move by ordinance in the furtherance of the CVRA. That's in the language there, and that has to be in your ordinance. So would you continue with a by-district election, even though we might possibly invalidate the California statute? I'm sorry, Your Honor. Yes, the City is currently proceeding with its by-district elections right now, and we'll follow that. So our judgment wouldn't make a difference? Well, if your judgment invalidated the CVRA, and I think that would give the City Council a chance to reconsider potentially and rescind its ordinance, I just don't know if it would do that, if the Court didn't specifically invalidate the ordinance. The Government Code that you made reference to, though, is part of the CVRA, right? It actually is not. It's not? Yeah, the CVRA is in the California Elections Code. Okay. But it was enacted, if you look at the legislative history and the text, you know, in response essentially to cities getting hit with huge attorneys' fees bills because they had to put the question on the ballot and they would get sued in the interim. So this was a way, an easy way, so to speak, for cities to convert to districts. Is there standing in this case? You know, again, the City has not taken a position on standing. Our view is this should be a lawsuit between the State and the plaintiff. And the reason for that, again, is the plaintiff's sole challenge is the State law. Without the City being a defendant. I'm sorry? Without the City being a defendant. That's right. But it's only the City that's done something that harms the plaintiff, allegedly, in that it has changed his ability to vote for four people. I do understand that argument, Your Honor. I would still say that because it's a challenge to State law, and as a general law city, we have to follow State law, and that's all we've ever wanted to do, frankly, is follow the law. We shouldn't be put in a position of litigating whether or not the CBRA is unconstitutional. That's something the City doesn't want its taxpayers paying for, and I think the State is the right entity to do that. And thus far, the Attorney General has vigorously defended its constitutionality. Respecting your City's desire to stay out of this, though, and seeing that you are a fine legal scholar, I'm interested in your legal opinion about whether you think the National Audubon Society v. Davis case is on all fours on the standing issue. Yeah. Again, you know, on behalf of my client, they have decided to stay neutral. But, you know, to Your Honor's request, it does seem to me that that is an applicable case, just having, you know, read the briefs and been prepared for today. And, you know, I do think Isn't it distinguishable, though, in this sense that in that case, there was no ability to enforce the statute privately by lawsuit? And so there wasn't really any other, I mean, it just all folded into itself. Right. And here, there is not only the ability, but the actuality of a private individual coming in and saying, I'm suing the city under this statute, and, you know, change your ways and give me my lawyer fees. The state having no part in it whatsoever. I think that is somewhat of a difference, but I would say that in this case, the California legislature has chosen to enforce this law via private lawyers. That's right. That's the distinction from Audubon that I'm exactly saying. There was no similar ability under the statute that was at issue there. So only the state could enforce it. And here, that is not the case. That's factually accurate, Your Honor. Can we treat Mr. Shankman as an arm of the California government? I mean, that's a question I haven't looked into. He's certainly been prolific in his. He's been very busy. You know, I'm involved in a number of the cases where he has brought threats. And, you know, I think this law is somewhat similar to perhaps the ADA, where it's enforced by private attorneys rather than the government itself because of funding issues or, you know, whyever the legislature does what it does. And, Your Honors, I would like to just say before I close that I'm not in the practice of asking courts to make decisions within a certain time frame, but I do have to respectfully request that the court continue its expedited ruling on this case just with the practical issues of the upcoming election and the uncertainty that's causing. And the city would like to express its gratitude at the fast pace the court has moved thus far. To that point, when do people have to, if you will, put their papers in under Map 133? Nomination period opens on July 16th and closes in August per elections code. And I would say it's not as simple as that because I can tell you, you know, being the city attorney, the clerk's office is already busy working, implementing the maps. And, you know, there's been a lot of work already going into this and it just more and more work, you know, goes down the line as we get closer and closer to the election. And, of course, you know, post-election, I don't think it would ever be appropriate to have some sort of post-election injunction. But at any rate, with that, unless there's any further questions, I would submit. Thank you very much. Thank you, Your Honors. We'll go from the Attorney General. Good morning. May it please the Court. My name is Amy Medley and I'm appearing on behalf of Attorney General Javier Becerra. I'd like to start by addressing the causation prong of the standing analysis. I want to begin by pointing out that the CVRA does not require any action by a political subdivision unless there is a violation of the CVRA. That means unless racially polarized voting is occurring. As counsel for the city of Poway pointed out, there's no allegation in this lawsuit that a violation has occurred. There's no allegation that racially polarized voting is occurring. Instead, we have allegations that the city made this change to its election system in response to a letter from a private attorney threatening litigation under the CVRA. However, absent a violation or factual allegations that the city believed there was a violation, the city wasn't required to take any action. But it took an action because it believed that it was consistent with the CVRA. Your Honor, that's part of the reason. But from the allegations in the complaint, the ---- But if it's even part of the reason, isn't that a sufficient causation for standing? It doesn't mean they'll be successful. Your Honor, my argument would be that for standing, we're looking for a fairly traceable injury that is not the result of the actions of independent third parties. But counsel, with respect, isn't that incredibly naive in this situation? The reality is, is it not, that if the CVRA did not exist, the city of Poway would not have made any change at all, and Mr. Shankman would have had no ability whatsoever to get this result. And, I mean, you know, you're handling this. I don't know how many cities in California have had this thus far, but it's at least 25, 30 or so, and every one of them takes the same approach. Boy, we don't want millions and millions of dollars worth of fees. Let's just settle. That's what they're all doing. That's what it was designed to do in the legislature. It's very, very clear. So let's be clear. The sine qua non of this action was the CVRA. To tie it to a private citizen is ludicrous. It's just ludicrous. And I don't see how we can seriously take that argument into play. Your Honor, I understand. I understand the point you're making there. Of course, if the CVRA did not exist, private attorneys would not threaten litigation under it. That is true. The CVRA was enacted in 2003, and it wasn't until this past year that this letter was received and this change occurred. Let me move you to a different point, if I may. The city is steadfastly refusing to defend itself, and I want you to assume for the sake of this question that we were to hold that there is standing to challenge the city's map because it has a direct effect on the individual plaintiff's ability to vote for candidates. So it's concrete, particularized, all of those things. And let's further suppose that we don't find Audubon on all fours in terms of the Attorney General. Would the Attorney General intervene to defend the law in a situation in which there's a challenge to the validity of the statute and the defending city refuses to defend? Your Honor, I really cannot answer that question with regard to the specific case. That would be a case-by-case determination as to whether the Attorney General would intervene in that situation. Isn't there an obligation to do that? That's a true question, not meant to be a rhetorical question, because I don't know the ins and outs of California law on that regard. Your Honor, I don't believe I did not actually look into that specific question in preparation today, but I'm not sure that it would be an obligation if the Attorney General were not named in the suit. I would, of course, have to look into that further. Isn't it fair to say it's not an obligation the Attorney General to refuse to defend Prop 8, that whole thing, for personal reasons? And California Attorneys General have frequently, from time to time, decided not to defend a law. But in that circumstance, others have been deputized to do so in most instances. But somebody would defend the law. Yes, those are very good examples of times when the Attorney General has not defended. Then taking that, why would we not grant the intervener's desire to defend the law? They have an interest in defending it. Why wouldn't we just go ahead and do that? If we let the Attorney General off the hook, but not the city who won't defend, why wouldn't we let the intervener intervene? Your Honor, the Attorney General has not opposed the motion for intervention at all. And neither has the city, as I understand it. That's correct, Your Honor. That's correct. The Attorney General has not opposed. We have not really sort of been involved in the briefing on intervention. But I would see no problem with allowing the intervention. As to whether that would affect a decision, if we do reach that point about the Attorney General trying to intervene, I simply cannot say. That would be speculation of something that would happen at the higher levels of the Department. Your Honors, I'd also like to address briefly the question of injury in fact. The allegation that Mr. Higginson is harmed by the move from four votes to just one vote, the question of injury in fact for standing can't be completely and entirely divorced from the type of claim being made. And Mr. Higginson only brings an equal protection claim here. Well, but the point he's making, injury in fact and the merits are two different things. He says, I used to have four votes, now I have one. I don't understand why that's not an injury in fact. He's a voter, and he gets to vote. And if he suddenly can't vote as much as he used to, that's an injury in fact. I mean, that may be simplistic, but that's kind of my going-in thought. What's wrong with that? Your Honor, I think there's a flip side to that argument, which is there are advantages to having single-member districts assigned to the CMARA. That's the merits. That's the merits. That's not the question of standing. We're nowhere near the merits. I understand, Your Honor. All we're asking is whether this person is just filing something abstract or if they have a personal stake in the question. And I guess I don't see why that isn't a personal stake. I understand, Your Honor. I was simply trying to point out that it's not necessarily true that it is a harm. I also would point out this is distinguishable from the other cases that Higginson points to, in which we weren't looking at equal protection challenges. We were in fact looking at situations where the government was looking to enter into a consent decree that would move from at-large elections to by-district elections, but thereby they were avoiding the requirement to have a citywide election about whether that change was — whether that change should go through. So it was a completely different posture in the other cases that have found this to be an injury, in fact. We would argue that it doesn't perform the same function here with an equal protection claim. I am almost out of time. You're past your time. I apologize. One thing to sum up. You may do it otherwise. I apologize. But we would ask the Court to affirm the district court's decision. Thank you. And, Mr. Harris, you have some rebuttal time. Thank you, Your Honor. Just one final note on the question of private enforcement and Audubon. So we think the fact that the State has essentially outsourced this to private attorneys makes the need for this Court's or the district court's review even stronger, and whether that's against the city or the attorney general. Because this is about fundamental public rights, about how towns structure their systems. But can't you get complete relief with just the city as the defendant? I don't understand why that isn't — I mean, that isn't the whole answer, because if you have a claim against the State, you're entitled to bring it. But I'm just — I just — I don't understand the traceability argument. No, we continue to believe the attorney general is a proper party, but we agree with you that we can get complete relief through the city and would be very happy with a ruling saying we can litigate our facial challenge to the CBRA with the city. And I want you to assume now, for the sake of this question, that there is standing to sue the city but not the attorney general, and the city will not defend. Why shouldn't we allow the interveners to intervene? You know, I think our primary issue with the interveners — I mean, I haven't spent a lot of time on this, as you can tell, but, you know, the — we just think that they're making all the same arguments the attorney general is making. And so our — But if the attorney general is out of the lawsuit and the city makes no arguments — Right. And I forgot if it was the city or the attorney general, but I do agree. I think it was the city that said we aren't — we don't have any unique objection to what the city did beyond the city implemented the race-based mandates in the CBRA. So we don't — it's not as if we're saying that above and beyond the CBRA there are unique deficiencies in 133. And, in fact, we think what happened here well illustrates the way the CBRA is being used. Right. But my question is focused on the fact that if it goes the way my hypothetical goes, there would be no defense from the defendants because one of them would be out of the lawsuit and the other will remain mum and not do anything. So if the intervener would take the same arguments that the state would if it were in the suit, where's the — why wouldn't we allow it? If both of them were out, it would seem that that might be appropriate. But I still think if the court only found standing for the city, I would wager that the state would be filing to intervene imminently. Maybe, but we don't know that. I just want to be sure of one thing. Is it your position that if the attorney general were not involved, that a lawsuit against the city would enable you to, on a facial challenge basis, have the CBRA declared unconstitutional? I think so, because we could say the city's action was motivated by a desire to implement a law, which is on its face unconstitutional. So I think we could litigate that with just the city as a defendant. So if the city doesn't do anything and the attorney general doesn't do anything, you've got an intervener, you still have the same situation? Yes. I think — and again, I think there are requirements to notify the state in district court when you're challenging the constitutionality of a state law. So I guess we would then notify the attorney general that we're doing that, and then the attorney general could decide whether to participate. If there are no further questions, we also — Higginson also appreciates the panel's willingness to expedite this case. Thank you very kindly. The case just argued is submitted, and we appreciate helpful arguments from all counsel in this very challenging case. And with that, we are adjourned for this morning's docket.
judges: Graber, M. Smith, Hellerstein